UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA

v.

MICHAEL VALENTI

Crim. No. 17-324 (SDW)

**SUPPLEMENTAL OPINION**

February 1, 2023

  **THIS MATTER** having come before this Court upon Defendant Michael Valenti's ("Defendant") request for a modification of supervised release ("Request") in which Defendant seeks permission to travel to Italy for his son's school-sponsored trip at a cost of $15,000. (D.E. 49 at 1.); and

  **WHEREAS** "[d]istrict courts possess broad discretionary authority to modify the terms and conditions of a defendant's supervised release." *United States v. Wilson*, 707 F.3d 412, 416 (3d Cir. 2013). In evaluating a defendant's request for a modification of supervised release, courts "consider[] the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(6), and (a)(7)." 18 U.S.C. § 3583(e). Specifically, courts may consider, *inter alia*, "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). This Court, however, is "not required to make specific findings of fact with respect to each of the[ § 3553] factors; rather, 'a statement that [the district court] has considered the statutory factors is sufficient.'" *United States v. Melvin*, 978 F.3d 49, 52–53 (3d Cir. 2020) (quoting *United States v. Gammarano*, 321 F.3d 311, 315–16 (2d Cir. 2003)); and

  **WHEREAS** on August 17, 2017, Defendant pleaded guilty to one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349. (D.E. 4–7.) On November 4, 2019, this Court sentenced Defendant to a term of 30 months imprisonment followed by three years of

supervised release.  (*See generally* D.E. 35.)  This Court further ordered Defendant to pay a $5,000 fine and $25,485,568.07 in restitution.  (*Id.* at 6–7.)  On March 10, 2021, this Court granted Defendant's motion for a reduction of sentence under the First Step Act 18 U.S.C. § 3582(a)(1)(A), which reduced Defendant's term of imprisonment to time served and immediately began his three-year term of supervised release.  (D.E. 46); and

      **WHEREAS** Defendant remains on supervised release, has maintained a stable residence and steady employment, and is in full compliance with the conditions of his supervised release.  (D.E. 49 at 1.)  Defendant, however, has yet to pay the $5,000 fine assessed on November 4, 2019, and has an outstanding debt of $25,468,817.10 for the restitution assessed on January 17, 2020.  (*Id.*)  Indeed, in over three years since this Court assessed those penalties, Defendant has paid merely $9,615.96 towards restitution.  (*Id.*); and

      **WHEREAS** this Court has considered the factors set forth set forth in 18 U.S.C. § 3553(a) and denies Defendant's request for international travel.  Although Defendant is in full compliance with the conditions of his supervised release, he has paid neither the fine assessed on November 4, 2019, nor any significant sum towards the restitution assessed on January 17, 2020.  (*Id.*)  Allowing Defendant to travel to Italy at a cost of $15,000—more money than he has paid towards his restitution in more than three years since this Court assessed the fine and restitution amounts—would run directly counter to the principles of section 3553(a)(7); therefore,

      Defendant's Request is **DENIED**.

                                                                /s/ Susan D. Wigenton
                                                        **SUSAN D. WIGENTON, U.S.D.J.**